IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 13-817-LPS |
| | : | |
| PHIL MORGAN, Warden, | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, and | : | |
| MENTAL HEALTH STAFF, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

I.  **INTRODUCTION**

Petitioner Ronald G. Johnson ("Johnson") filed the pending Petition for a Writ of Habeas Corpus/Writ of Mandamus while he was a pre-trial detainee at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware.

II. **BACKGROUND**

In August 2012, Petitioner Ronald G. Johnson ("Petitioner") was indicted on the charge of possession of a controlled substance. He was released on unsecured bail. Petitioner's trial was scheduled for March 5, 2013, but he failed to appear and the Superior Court issued a capias for his arrest. The capias was returned the same day and Petitioner has been held in lieu of $20,000 cash bail since that time. *See In the Matter of the Petition of Ronald G. Johnson for a Writ of Mandamus*, No. 259, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013); *In the Matter of the Petition of Ronald G. Johnson for a Writ of Mandamus*, No. 239, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013); *In the Matter of the Petition of Ronald G. Johnson for a Writ of*

*Prohibition*, No. 240, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013). On April 4, 2013, Petitioner's counsel in his state criminal proceeding filed a motion for a psychiatric and/or psychological evaluation to determine whether Petitioner is competent to stand trial. *See In the Matter of the Petition of Ronald G. Johnson for a Writ of Prohibition*, No. 240, 2013, Holland, J., Order at 1-2 (Del. May 30, 2013).

Presently pending before the Court is Petitioner's Petition for Writ of Habeas Corpus/Writ of Mandamus. According to Petitioner, the medical staff at the prison facility is not providing him with seroquel and trysidone. Consequently, he asks this Court either to order his release from the facility or to compel the medical staff to provide him with the medication he wants and "takes on the street or something like it." (D.I. 1 at 1)

## II. DISCUSSION

### A. Petition for Writ of Habeas Corpus

A district court may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. In turn, a district court can only entertain a habeas petition on behalf of a person in custody pursuant to the judgment of a state court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. *See* 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254.

Here, it is clear that Petitioner is not in custody pursuant to a state court judgment because (as of the date of his latest filing in this action) he has not yet undergone his state criminal trial on the charge of possession of a controlled substance. Accordingly, the Court will summarily dismiss the instant Petition to the extent it seeks habeas relief.

**B. Petition for Writ of Mandamus**

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). To be eligible for mandamus relief under 28 U.S.C. § 1361, a party must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (internal citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (internal citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

In this case, Petitioner has not shown any grounds for mandamus relief. Accordingly, to the extent the Petition seeks mandamus relief, it is denied.

**IV.  MOTION FOR WRIT OF MANDAMUS**

During the pendency of this proceeding, Petitioner filed a document titled "Writ of Mandamus," asking the Court to order his physician, Dr. Chuck Chaney, to provide his medical records. (D.I. 3) Despite its title, Petitioner's request is the equivalent of a motion to produce records. Regardless of how the document is construed, the Court has already concluded that it must dismiss the instant Petition for failing to assert any grounds for relief. Accordingly, the Court will deny as moot the Motion for Writ of Mandamus.

**V.  CONCLUSION**

For the reasons set forth above, the Court will summarily dismiss the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see*

*also* 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: March 17, 2014

_____
UNITED STATES DISTRICT JUDGE